U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JOHN D. HOLLIDAY,

Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD.
and RCL (UK) LTD., a subsidiary of Royal
Caribbean Cruises, Ltd.,

Defendants.
_________________________________/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, **JOHN D. HOLLIDAY**, by and through his undersigned counsel, hereby sues the Defendants, **ROYAL CARIBBEAN CRUISES, LTD**. and **RCL (UK) LTD.**, a subsidiary of Royal Caribbean Cruises, Ltd. and alleges as follows:

1. This is an action for damages that exceeds this Court's minimum jurisdictional requirements, to wit, $75,000.00, exclusive of all interest and costs.

2. This Court has jurisdiction over this matter pursuant to 28 USC §1333(1) (admiralty) and the contractual language contained in the cruise ticket.

3. Venue in the United States District Court for Southern District of Florida is appropriate pursuant to the forum selection clause contained in the passenger ticket between Plaintiff and Defendants, **ROYAL CARIBBEAN CRUISES, LTD** and **RCL (UK) LTD**.

4. At all times material, Plaintiff, **JOHN D. HOLLIDAY**, was and is a resident of and domiciled in the State of Florida living in Tarpon Springs, Florida and at all times material was a passenger onboard Defendants' vessel, the *Brilliance of the Seas*.

5. At all times material, Defendants, **ROYAL CARIBBEAN CRUISES, LTD** and **RCL (UK) LTD.** personally or through an agent:

A. Operated, conducted, engaged and/or carried on a business venture in the State of Florida, and in particular Miami-Dade County, Florida;

B. Were engaged in substantial business activity in the State of Florida, and in particular, in Miami-Dade County, Florida;

C. Maintained its principal place of business in Miami, Miami-Dade County, Florida.

D. Operated vessels and provided vessels for cruises in the waters of this state;

E. Committed one or more acts as set forth in F.S. §48,081, 48.181 and 48.193, which submit the defendants to the jurisdiction and venue of this Court. Further, this court has jurisdiction of this action under 28 U.S.C. §1333(1);

F. The acts of defendants set out in the Complaint occurred in whole or in part in Miami-Dade County and/or the State of Florida.

6. On or about April 18, 2015[1], Defendants owned and operated a passenger cruise ship known as the *Brilliance of the Seas* (hereafter the ship or vessel).

7. At such time and place, Plaintiff, **JOHN D. HOLLIDAY**, was lawfully and legally aboard said vessel as an invitee and paying passenger with the actual and/or constructive consent of Defendants.

8. All conditions precedent to the institution of this action have been satisfied, or otherwise excused, including the pre-suit notice required by the terms and conditions of Defendants' cruise ticket. (See notice letter attached as Exhibit A). (The ticket is no longer in Plaintiff's possession).

---

[1] The Statute of Limitations has been extended by agreement between the parties until 12/18/2016.

## COUNT I - NEGLIGENCE

6. On or about April 18, 2015, while the subject vessel was operating in navigable waters, the Plaintiff, **JOHN D. HOLLIDAY**, fell while using the stairway between Deck 12 and 11 when Mr. Holliday's shoe was caught by the raised metal plate, causing him to fall the entire height of the long stairway (see photos attached as Exhibit B), and resulting in serious and life threatening injuries, loss of consciousness, lacerations and facial fractures, traumatic brain injuries, and a traumatic rupture to his spleen, chest wall and abdomen. Mr. Holliday was requiring an emergency surgery before Mr. Holliday bled out from acute hemorrhage, barely obverting his demise.

7. At all times material hereto the Defendants, **ROYAL CARIBBEAN CRUISES, LTD**. and **RCL (UK) LTD**., owed a duty to Plaintiff to exercise reasonable care under the circumstances.

8. At all times material hereto, the Defendants' actions and/or inaction created a foreseeable and unreasonable risk of harm to the Plaintiff, **JOHN D. HOLLIDAY**.

9. Defendants, **ROYAL CARIBBEAN CRUISES, LTD.** and **RCL (UK) LTD**., breached its duty owed to Plaintiff by committing one or more of the following acts of omissions:

A. By creating the dangerous condition on the stairway by failing to inspect the area in a safe way (see Sampson v. Carnival Corp., Case No: 1:15-CV-24399-JLK [DE45] and Poole v. Carnival Corp., 2015 WL 1566415 at *4 (S.D. Fla. Apr. 8, 2015).

B. By creating the dangerous condition on the stairway by failing to maintain this stairway in a safe way (see Sampson v. Carnival Corp., Case No: 1:15-CV-24399-JLK [DE45] and Poole v. Carnival Corp., 2015 WL 1566415 at *4 (S.D. Fla. Apr. 8, 2015).

C. Allowing the hazardous condition to exist on the stairway;

D. Failing to provide adequate crew to inspect the walkways and stairs for passenger's safe use;

E. Failing to adequately equip the vessel and specifically the subject stairs with appropriate end plates/strips;

F. Failing to remedy a known dangerous condition consisting of unsafe walkways and stairs for use by Plaintiff;

G. Failing to adopt policies and procedures for the safety of its passengers and for inspection of known hazardous conditions of which Defendants knows or which upon reasonable inspection Defendants should reasonably have known;

H. Failing to take corrective action upon discovery of known dangerous conditions;

I. Failing to train crew members in risk assessment, inspection and reporting requirements including but not limited to preparation of and responding to corrective action reports and taking and or recommending corrective action upon discovery of known dangerous conditions;

J. Failing to comply with Defendants own internal policies and procedures established by the ISM Code, SMS, SQMS and other internal operational procedures required by the ISM Code, SOLAS and all applicable health, building and safety codes and national standards in accordance with 33 CFR 96.100 et. seq., 46 USC Section 3201 et. seq. and all Rules and Regulations, including, but not limited to all relevant NVIC'S of the United States Coast Guard.

10. As a direct and proximate result of Defendants' negligence, which was the sole proximate cause of Plaintiff's accident, Plaintiff, **JOHN D. HOLLIDAY**, suffered bodily injuries and resulting pain and suffering, physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, permanent scarring and disfigurement, expense of hospitalization and surgery, medications, shorten life expectancy, loss of earnings, loss of the ability to earn money and impaired earnings capacity and expenses for

physical therapy, rehabilitation and medical and nursing expenses. Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff, **JOHN D. HOLLIDAY**, demands judgment, interest and costs against Defendants, **ROYAL CARIBBEAN CRUISES, LTD**. and **RCL (UK) LTD**. a trial by jury and any such other relief to which the Plaintiff may be justly entitled.

Dated: December 15, 2016.

HOLZBERG LEGAL
Offices at Pinecrest II, Suite 220
7685 S.W. 104th Street
Miami, Florida 33156
Telephone: (305) 668-6410
Facsimile: (305) 667-6161

BY: ***/s/ Glenn J. Holzberg***
GLENN J. HOLZBERG
Fla. Bar # 369551